**Ellenoff Grossman & Schole LLP**

1345 AVENUE OF THE AMERICAS – 11TH FLOOR
NEW YORK, NEW YORK 10105
TELEPHONE: (212) 370-1300
FACSIMILE:   (212) 370-7889
www.egsllp.com

November 27, 2018

**VIA ECF**
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

>  Re:   *Juarez v. J&V Donuts Corp., et al.*
>         **Case No. 18-CV-5340 (LGS) (DF)**

Dear Judge Schofield,

    We represent Defendants in the above-referenced action. We write to Your Honor in response to Plaintiff's letter, dated November 19, 2018, seeking a pre-motion conference pursuant to Local Civil Rule 37.2 to resolve a discovery dispute between the parties. (*See* ECF Dkt. 48).

    Specifically, even though Defendants produced tax returns for the relevant three-year period showing less than $500,000 in annual gross sales, Plaintiff is seeking additional documentation concerning Defendants' gross volume of sales or business during the applicable period. Plaintiff seeks documents such as "… wage reporting forms, W-2s, 1099 forms, documents used by Defendants in preparation of their tax returns, and records of receipts and bank statements connected to their gross volume of sales." (*See* ECF Dkt. 48).

    In light of Defendant's production of its tax returns, Plaintiff's requests for these additional documents are unduly burdensome and disproportionate to the needs of this single-plaintiff FLSA case.[1] The Court should deny Plaintiff's request for leave to file a motion.

**Discovery to Date**

    Both parties have served their respective document demands on each other. Defendants served responses to Plaintiff's demands and initially produced 215 pages of time and payroll records. Conversely, Plaintiff produced just one single piece of paper in his initial disclosures, and no additional documents responsive to Defendants' demands. Now, Plaintiff seeks the Court's intervention to compel Defendants to produce additional discovery.

---

[1] Despite being filed as a putative collective action, Plaintiff's counsel has stated that he does not intend to move for conditional certification of the collective action. Since the filing of the complaint, former Plaintiff Benjamin Rojas y Rojas has since been dismissed from the case. (*See* ECF Dkt. 47).



Plaintiff sent Defendants a deficiency letter on October 23, 2018. In that letter, the only documents Plaintiff sought were those that relate to Defendants' gross volume of sales or business done of over $500,000.00 per year.

Defendants responded to that letter on November 15, 2018 and provided Plaintiff with Defendant J&V Donuts Corp.'s federal corporate tax returns for 2015, 2016, and 2017, which each show gross receipts or sales of less than $500,000.00 per year.[2] Defendants initially only produced redacted versions of those 2015, 2016 and 2017 federal tax returns. Notably, the line item titled "[g]ross receipts or sales" and the corresponding dollar amount was not redacted in that initial production. That dollar amount is the fact relevant to this issue.

However, following the filing of Plaintiff's pre-motion conference letter (ECF Dkt. 48), Defendants in good faith supplemented their previous production with un-redacted versions of the federal tax returns for each of 2015, 2016 and 2017. Defendants also included un-redacted versions of Defendants' local and state tax returns for each of those years. Each of the un-redacted federal, local and state tax returns produced are signed by Defendants' accountant.

**Defendants' Position and Good Faith Efforts to Resolve this Dispute**

Defendants have attempted to resolve this discovery dispute without wasting judicial resources. The parties conferred by telephone regarding this specific issue on at least two separate occasions. The first time was in late October 2018 shortly after Defendants' receipt of the aforementioned deficiency letter to inform Plaintiff's counsel that Defendants were in the process of compiling tax returns and that they would be provided shortly. The second time was on November 15, 2018 following Plaintiff's receipt of Defendants' letter and redacted federal tax returns.

Tax returns that show less than $500,000 in annual gross receipts have been held as sufficient evidence to show that enterprise coverage under the FLSA could not be met. *Salusto v. 106 Columbia Deli Corp.*, 264 F.Supp.3d 540, 547-548 (S.D.N.Y 2017). Conversely, Defendants are also aware of precedent in this Circuit holding that tax returns are not dispositive in determining whether the $500,000 threshold for FLSA cases is met. *Monterossa v. Martinez Rest. Corp.*, No. 11 Civ. 3689, 2012 WL 3890212, at *4 (S.D.N.Y. Sept. 7, 2012); *see also Quintero v. Anjudiromi Construction Corp.*, No. 16 Civ. 8781, 2018 WL 1027716, at *3 (S.D.N.Y. Feb. 21, 2018). However, the present case differs in that a key factor used by the Courts in *Monterrosa* and *Quintero* to question the veracity of those tax returns was that they were unsigned. *Monterrossa*, 2012 WL 3890212, at *4; *Quintero*, 2018 WL 1027716, at *3. As mentioned *supra*, Defendants have now produced signed and un-redacted federal, state and local tax returns for 2015, 2016 and 2017.

---

[2] Plaintiff was only employed by Defendant J&V Donuts Corp. d/b/a John's Diner.



Defendants have made clear their willingness to settle this case on numerous occasions. More specifically, Defendants would much rather settle this case than move to dismiss Plaintiff's federal claims only to have Plaintiff re-file his New York Labor Law claims, which cover the same time period as the FLSA claims, in state court. However, Plaintiff has failed to re-compute his damages analysis and issue a reduced demand since former Plaintiff Rojas y Rojas was dismissed from the case on November 7, 2018 (See ECF Dkt. 47). Moreover, Plaintiff has wholly disregarded the time and payroll records produced to him thus far which show different hours worked and different amounts paid as wages as compared to the allegations Complaint. In the interest of settlement, and in response to a specific request from Plaintiff, Defendants also provided an explanatory summary of the time and payroll records Defendants previously provided to Plaintiff.

Defendants have made every effort to produce all relevant records that have been located thus far so that the parties may move towards a settlement conference before Magistrate Judge Freeman. Plaintiff's insistence on seeking these additional documents in connection with this letter is wasting precious resources that could be devoted to settlement.

**<u>Conclusion</u>**

As the foregoing makes clear, Defendants have acted in good faith to produce the requested documentation and thus should not be held liable for any attorneys' fees or costs associated with this purported dispute. Plaintiff has been provided documents containing the specific information he seeks. Plaintiff's requests for any additional documents following Defendants' latest production serve only to harass and unduly burden Defendants.

Accordingly, the Court should deny Plaintiff's request for an order compelling discovery of additional information relating to Defendants' gross sales.

Respectfully yours,

ELLENOFF GROSSMAN & SCHOLE LLP

By:_____
       Ilan Weiser

cc: Jesse Barton, Esq. (via ECF)