# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

michael@faillacelaw.com

March 22, 2019

**BY ECF**
Honorable Debra C. Freeman
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: **Juarez et al v. J & V Donuts Corp. et al; 18-CV-5340**

Your Honor:

This office represents plaintiff Emiliano Marcelino Juarez ("Plaintiff") in the above referenced matter. Plaintiff writes jointly with defendants J & V Donuts Corp. (d/b/a John's Diner), 1788 Pizza Corp. (d/b/a John's Pizza & Heros), 1786 Donuts Corp. (d/b/a John's Diner), J & V Pizza Corp. (d/b/a John's Pizza & Heros), ("Defendant Corporations"), John Sarantis, Vasiliki (a.k.a. Vicki) Sarantis, Ioannis (a.k.a. Joannis) Sarantis, and Jesus Hurtado Perez, ("Individual Defendants"), (collectively, "Defendants") to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions, including a settlement conference before Your Honor. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

Plaintiff filed his Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pay pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiff alleges he was employed by Defendants during the period from approximately 2003 until on or about March 17, 2018, that he regularly worked over 40 hours a week, and that he was paid a fixed weekly salary that failed to appropriately compensate him.

Page 2

Defendants categorically deny the allegations in the Complaint.

2. **Settlement Terms**

Plaintiff alleges he is entitled to back wages of approximately $88,792.44. Plaintiff estimates that if he had recovered in full for his claims, he would be entitled to approximately $229,961.95, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $66,000. The settlement will be paid in thirty-seven (37) installments.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Defendants produced a voluminous amount of employment records which suggested Plaintiff worked less, and was paid differently, than he claimed. Defendants also produced substantial financial records indicating an inability to pay a large judgment. While Plaintiff disputed the veracity of the records, he recognized the records present Defendants with a colorable defense, and is cognizant of the potential difficulties of collection.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiff, Plaintiff's counsel will receive $22,000.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff's recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $4,500.00. A copy of Plaintiff's billing record is attached as "Exhibit C." Mr. Faillace's standard billing rate is $450 an hour. Mr. Barton's standard rate is $375, however, out of deference for Your Honor's past opinions, we have

Page 3

calculated the lodestar using a rate of $250 an hour for Mr. Barton (a brief bio of each attorney follows).[1]

While Plaintiff's counsel is asking for 4.88 times their lodestar, the amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going negotiations.

A brief biography of each attorney who performed billed work in this matter is as follows:

i.  I am the Managing Member of Michael Faillace & Associates, P.C, and have been in practice since 1983. From 1983 to 2000, I was in-house Employment Counsel with International Business Machines Corporation (IBM). I taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and am a nationally-renowned speaker and writer on employment law. I am also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

ii.  Jesse Barton is a Senior Associate at Michael Faillace & Associates, P.C., He graduated from Fordham Law School in 2012. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in

---

[1] This Court has awarded Mr. Barton varying amounts: $375 per hour in cases that went to trial, *See Najera v. 144 Ninth Gotham Pizza, Inc.*, No. 12cv3133 (DLC), 2017 U.S. Dist. LEXIS 26393 (S.D.N.Y. Feb. 24, 2017), *Calle v. NDG Coffee Shop, Inc.*, No. 16-cv-7702 (RJS), 2018 U.S. Dist. LEXIS 62979 (S.D.N.Y. Apr. 12, 2018), and $225 in default judgments. *See Soto v. Los Corbaticas Deli Grocery II Corp.*, No. 18cv3602 (JGK) (JLC), 2018 U.S. Dist. LEXIS 172613, 2018 WL 4844018, at *8 (S.D.N.Y. Oct. 5, 2018); *Godinez v. Best Wingers LLC*, No. 16cv6434 (JGK) (SDA), 2018 U.S. Dist. LEXIS 28934, 2018 WL 1320340, at *6 (S.D.N.Y. Feb. 21, 2018). Thus, we believe $250 is an appropriate rate for Mr. Barton to be billed at here.

Page 4

labor and employment law. He joined the firm of Michael Faillace & Associates, P.C in January 2015, and has been recognized as a "Rising Star" by the Super Lawyers organization for 2016, 2017, and 2018.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

>Respectfully submitted,
>
>/s/Michael Faillace
>Michael Faillace
>MICHAEL FAILLACE & ASSOCIATES, P.C.
>Attorneys for the Plaintiff

Enclosures