**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EMILIANO MARCELINO JUAREZ, *individually and on behalf of others similarly situated,*<br><br>                                        *Plaintiff,*<br><br>- against -<br><br>J & V DONUTS CORP. (D/B/A JOHN'S DINER), 1788 PIZZA CORP. (D/B/A JOHN'S PIZZA & HEROS), 1786 DONUTS CORP. (D/B/A JOHN'S DINER), J & V PIZZA CORP. (D/B/A JOHN'S PIZZA & HEROS), JOHN SARANTIS, VASILIKI (A.K.A. VICKI) SARANTIS, IOANNIS (A.K.A. JOANNIS) SARANTIS, and JESUS HURTADO PEREZ,<br><br>                                        *Defendants.* | Index No. 18-cv-05340 (LGS)(DF)<br><br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Emiliano Marcelino Juarez ("Plaintiff") on the one hand, and J & V Donuts Corp. (d/b/a John's Diner), 1788 Pizza Corp., 1786 Donuts Corp., J & V Pizza Corp. (d/b/a John's Pizza & Heros), ("Defendant Corporations"), Ioannis "John" Sarantis, Vasiliki (a.k.a. Vicki) Sarantis, and Jesus Hurtado Perez, ("Individual Defendants"), (collectively, "Defendants") on the other hand. Plaintiff and Defendants together are the "Parties."

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 18-cv-05340 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws; and

WHEREAS, Defendants deny any liability in connection with Plaintiff's claims asserted in the Litigation; and

WHEREAS, the Parties desire to resolve all disputes between Plaintiff on the one hand and Defendants on the other, without the necessity of further litigation.

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any

and all claims or potential claims Plaintiff may have against Defendants through the Effective Date of this Agreement (subject to the terms of Section 2 herein), including all counsel fees and costs incurred by Plaintiff, the gross sum of Sixty Six Thousand Dollars and No Cents (**$66,000.00**) (the "Settlement Amount") to be paid to Plaintiff's attorneys in thirty-seven (37) monthly installments, as follows:

(a) Installment One: A check in the amount of Thirty Thousand Dollars and No Cents ($30,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for immediate deposit, sent to Plaintiff's counsel within thirty (30) days after Court approval of this Agreement. Determination of the Plaintiff's share, counsel fees, and costs, is the sole responsibility of the Plaintiff and his counsel; and

(b) Installment Two through Thirty-Seven: A check in the amount of One Thousand Dollars and No Cents ($1,000.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff," for immediate deposit, sent to Plaintiff's counsel on the first day of the month, for the next thirty-six consecutive months. For clarification, Installment payment two shall be sent to Plaintiff's counsel on the first day of the month, in the month following payment of installment one as referred to above in paragraph 1(a). Installments three through thirty-seven shall be sent by Defendants to Plaintiff's counsel on the first day of each month thereafter.

All of the checks/payments/installments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

Concurrently with the execution of this Agreement, Defendants J & V Donuts Corp. (d/b/a John's Diner), 1788 Pizza Corp., 1786 Donuts Corp., J & V Pizza Corp. (d/b/a John's Pizza & Heros), Ioannis "John" Sarantis and Vasiliki (a.k.a. Vicki) Sarantis shall execute and deliver to Plaintiff's counsel Confessions of Judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits B and C. The parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff's counsel and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear in Plaintiff's counsel's escrow account <u>and</u> (ii) Defendants fail to cure such default within seven (7) business days of receipt of written notice (to be delivered to Defendants by certified mail and email via their counsel, Ilan Weiser, Esq., Ellenoff Grossman & Schole, LLP, 1345 Avenue of the Americas, 15th Floor, New York, NY 10105, iweiser@egsllp.com. Such Notice of Default shall be deemed received five (5) days after it is mailed.

2. <u>Release and Covenant Not To Sue</u>:

(a) Plaintiff hereby irrevocably and unconditionally releases and forever discharges Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, managers, employees, and agents (collectively for purposes of this Section 2, "Defendants") from, and covenants not to bring any suit or action (in any court or with any governmental agency) with respect to, all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and/or expenses, including, without limitation, legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or

contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants or any of them relating specifically to the claims asserted in the Litigation, and which concerned his employment by Defendants, that have or may have occurred or arisen as of the Effective Date of this Agreement. The Parties expressly waive any right or claim of right to assert later that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement, and further expressly waive any right or claim of right they may have under the law of any jurisdiction that releases (such as those given in this Agreement) do not apply to unknown or unstated claims for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement. It is the express intent of the Parties to waive any and all claims that they may have against each other, including any which are presently unknown, unsuspected, unanticipated or undisclosed, for any act, omission, transaction or occurrence which has taken place up to and including the date of execution of this Agreement, which concern the employment relationship between the Parties. Any language to the contrary herein notwithstanding, nothing in this Agreement shall operate to bar or limit any claim of Plaintiffs for physical injury made pursuant to the Worker's Compensation Law. This Agreement is not intended to waive claims for Unemployment Insurance benefits, Workers' Compensation benefits, claims that arise after the date the Parties execute this Agreement and/or claims for breach of this Agreement.

(b) The Parties shall submit this Agreement and Stipulation of Dismissal with Prejudice, attached as Exhibit 'A' hereto, to conclude and dismiss the action, with prejudice. In addition, the Parties shall execute all such other documents as are reasonably necessary to terminate any other judicial, administrative or agency proceeding between the Parties, if any.

(c)     It is understood by the Parties that the facts pursuant to which this Agreement is made may ultimately prove to be other than or different from the facts now known by them to be true. The Parties expressly accept and assume the risks of the facts proving to be different, and agree that all of the terms of this Agreement shall be in all respects effective and not subject to termination or rescission on account of any such difference in facts or for any other reason.

3.     **No Admission of Wrongdoing**: This Agreement and compliance with this Agreement is not and shall not be construed as an admission by Defendants or any of them of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right, or order.

4.     **Modification of the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5.     **Acknowledgments:** Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.     **Notices:** Other than as provided in the final paragraph of Section 1 hereof, notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Jesse Barton, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: jbarton@faillacelaw.com

To Defendants:

Ilan Weiser, Esq.
ELLENOFF GROSSMAN & SCHOLE, LLP
1345 Avenue of the Americas, 15th Floor
New York, NY 10105
212-370-1300
Fax: 212-370-7889
Email: iweiser@egsllp.com

7. **Governing Law:** This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. **Enforceability:** If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9. **Release Notification:** Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Plaintiff acknowledges that it is his choice to waive any potential and past claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Agreement has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. **Counterparts:** To signify their agreement to the terms of this Agreement, the Parties have executed this Agreement on the dates set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties

may not have executed the same counterpart. This agreement may also be executed by facsimile or .PDF transmission.

11.     Tax Treatment: Plaintiff understands and agrees that he is solely responsible for and will pay any and all taxes attributable to payment made under this Agreement, and that he will be solely responsible for the payment of all interest and penalties, if any, attributable to the payment made under this Agreement. Plaintiff agrees to defend and indemnify Defendants against any and all tax implications that Defendants may face as a result of the tendering the Settlement Amount. It is expressly acknowledged and agreed that an IRS Form 1099 will be sent to Plaintiff's counsel in connection with payment of the Settlement Amount. Defendants shall issue an IRS form 1099 to Plaintiff and Plaintiff's counsel for all payments made by Defendants to Plaintiff and Plaintiff's counsel which represent damages, interest, and/or attorneys' fees and costs in his counsel at the same time Defendants issue those forms to its current employees or other individuals/entities for the applicable tax year.

12. Breach of this Agreement: If Plaintiff should, after the execution of this Agreement, make, pursue, prosecute, or threaten to make any Claim or allegation, or pursue or commence or threaten to commence any Claim, action, complaint or proceeding against Defendants for or by reason of any cause, matter or thing whatsoever existing up to the present time, this Agreement may be raised as and shall constitute a complete bar to any such Claim, allegation, action, complaint or proceeding. In the event that either party breaches any provision of this Agreement, the Parties agree that either may institute action against the other to specifically enforce any term or terms of this Agreement for which the prevailing party would be entitled to recover its reasonable costs incurred by virtue of defending or prosecuting the same, including reasonable attorneys' fees. Nothing in this paragraph shall limit the Parties from enforcing their rights under this Agreement.

13. Review and Consideration of Agreement; Rescission Rights; Effective Date: Plaintiff has been given a period of twenty-one (21) days from receipt of this Agreement to review and consider this Agreement before signing it (the "Consideration Period"). If Plaintiff signs this Agreement prior to the conclusion of the twenty-one (21) day period, the balance of that period will be considered waived. Plaintiff may also rescind this Agreement up to seven (7) days after he signs it ("Rescission Period") by submitting a written rescission notice to Defendants' counsel, by certified mail and email, Ilan Weiser, Esq., Ellenoff Grossman & Schole, LLP, 1345 Avenue of the Americas, 15th Floor, New York, NY 10105, iweiser@egsllp.com, which is to be received by Defendants' counsel before the close of business on the seventh (7th) day. Plaintiff will not be entitled to receive the settlement sum until the Rescission Period has expired and the Agreement has been approved by the Court. This Agreement becomes effective on the 8th day after it is signed by Plaintiff and not rescinded ("the Effective Date"). If the last day of the Consideration Period falls on a Saturday, Sunday or Holiday, the last day of the Consideration Period shall be the next business day following the weekend or Holiday.

14.     Representations by Plaintiff: Plaintiff hereby represents and acknowledges that: (a) he has carefully read the Agreement and understands its terms; (b) he has had at least twenty-one (21) days to consider this Agreement prior to signing it; (c) he has been advised to and has consulted with an attorney regarding this Agreement, and that it has been translated to him in Spanish; (d) the consideration provided in this Agreement is sufficient to support the releases in this Agreement; (e) he knows that he is giving up important rights; and (f) he is signing this Agreement voluntarily and of his own free will.

PLAINTIFF:

By: _____     Date: 3-11-19
    EMILIANO MARCELINO JUAREZ

DEFENDANTS:

BY: _____     DATE: _____
    J & V DONUTS CORP.

BY: _____     DATE: _____
    1788 PIZZA CORP.

BY: _____     DATE: _____
    1786 DONUTS CORP.

BY: _____     DATE: _____
    J & V PIZZA CORP.

BY: _____     DATE: _____
    IOANNIS "JOHN" SARANTIS

BY: _____     DATE: _____
    VASILIKI "VICKI" SARANTIS

BY: _____     DATE: _____
    JESUS HURTADO PEREZ

{00665887.DOCX.2}

PLAINTIFF:

By: _____        Date: _____
    EMILIANO MARCELINO JUAREZ

DEFENDANTS:

BY: _____        DATE: 3-12-19
    J & V DONUTS CORP.

BY: _____        DATE: 3-12-19
    1788 PIZZA CORP.

BY: _____        DATE: 3-12-19
    1786 DONUTS CORP.

BY: _____        DATE: 3-12-19
    J & V PIZZA CORP.

BY: _____        DATE: 3-12-19
    IOANNIS "JOHN" SARANTIS

BY: _____        DATE: 3-12-19
    VASILIKI "VICKI" SARANTIS

BY: _____        DATE: 03/12/19.
    JESUS HURTADO PEREZ

{00665887.DOCX.2}

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EMILIANO MARCELINO JUAREZ, *individually and on behalf of others similarly situated*,

                              *Plaintiff*,

              -v-

J & V DONUTS CORP. (D/B/A JOHN'S DINER), 1788

PIZZA CORP. (D/B/A JOHN'S PIZZA & HEROS), 1786

DONUTS CORP. (D/B/A JOHN'S DINER), J & V PIZZA CORP. (D/B/A JOHN'S PIZZA & HEROS), JOHN SARANTIS, VASILIKI (A.K.A. VICKI) SARANTIS, IONANNIS (A.K.A. JOANNIS) SARANTIS, and JESUS HURTADO PEREZ,

                              *Defendants*.
-------------------------------------------------------------X

Case No. 18-cv-5340

(PROPOSED)
**STIPULATION OF DISMISSAL**

**WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel, that the above-entitled action, and all claims asserted therein, be dismissed with prejudice.

Date: New York, New York
      March ___, 2019

MICHAEL FAILLACE &
ASSOCIATES, P.C.

_____
Michael Faillace, Esq.
*Attorneys for Plaintiff*
60 East 42nd Street, Suite 4510
New York, NY 10165
Tel: (212) 317-1200

ELLENOFF GROSSMAN
& SCHOLE LLP

_____
Ilan Weiser, Esq.
*Attorneys for Defendants*
1345 6th Avenue, 11th Floor
New York, NY 10105
Tel: (212) 971-9773

_____
So Ordered.
HON. DEBRA C. FREEMAN
U.S.M.J.

{00665887.DOCX.2}

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------- x
EMILIANO MARCELINO JUAREZ, *individually*
*and on behalf of others similarly situated*,

                     Plaintiff,

           - against -

J & V DONUTS CORP. (D/B/A JOHN'S DINER), 1788 PIZZA CORP. (D/B/A JOHN'S PIZZA & HEROS), 1786 DONUTS CORP. (D/B/A JOHN'S DINER), J & V PIZZA CORP. (D/B/A JOHN'S PIZZA & HEROS), JOHN SARANTIS, VASILIKI (A.K.A. VICKI) SARANTIS, IOANNIS (A.K.A. JOANNIS) SARANTIS, and JESUS HURTADO PEREZ,

                     Defendants.
------------------------------------- x

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK  )
                     : ss.:
COUNTY OF Bronx )

IOANNIS "JOHN" SARANTIS, being duly sworn, deposes and says:

1. I reside in Queens County, New York.

2. I, Ioannis "John" Sarantis, am an owner of J & V Donuts Corp. (d/b/a John's Diner) and J & V Pizza Corp. (d/b/a John's Pizza & Heros) and former owner of 1788 Pizza Corp. and 1786 Donuts Corp., and I am duly authorized to make this affidavit of confession of judgment (this "Confession of Judgment") on behalf of myself, J & V Donuts Corp. (d/b/a John's Diner) and J & V Pizza Corp. (d/b/a John's Pizza & Heros), 1788 Pizza Corp. and 1786 Donuts Corp.

3. J & V Donuts Corp. (d/b/a John's Diner) maintains its principal place of business in Bronx County at 1786 Westchester Ave, Bronx, New York 10472.

4. J & V Pizza Corp. (d/b/a John's Pizza & Heros) maintains its principal place of business in Bronx County at 1788 Westchester Ave, Bronx, NY 10472.

5. I was a former owner of 1788 Pizza Corp. which formerly did business as John's Pizza & Heros and maintained its principal place of business in Bronx County at 1788 Westchester Ave, Bronx, NY 10472.

6. I was a former owner of 1786 Donuts Corp. which formerly did business as John's Diner and maintained its principal place of business in Bronx County at 1786 Westchester Ave, Bronx, New York 10472.

7. Pursuant to the terms of the Settlement Agreement and Release (the "Agreement") by and among Emiliano Marcelino Juarez ("Plaintiff") on the one hand, and J & V Donuts Corp. (d/b/a John's Diner), 1788 Pizza Corp. (d/b/a John's Pizza & Heros), 1786 Donuts Corp. (d/b/a John's Diner), J & V Pizza Corp. (d/b/a John's Pizza & Heros), Ioannis "John" Sarantis, Vasiliki (a.k.a. Vicki) Sarantis, and Jesus Hurtado Perez ("Defendants") on the other hand, to which this Confession of Judgment is annexed, I hereby confess judgment and authorize entry thereof against me personally, J & V Donuts Corp. (d/b/a John's Diner), J & V Pizza Corp. (d/b/a John's Pizza & Heros), 1788 Pizza Corp. and 1786 Donuts Corp, in favor of Plaintiff for the sum of $66,000.00, less any payments made under the Agreement.

8. This Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Agreement to which this Confession of Judgment is annexed, which provides that Defendants are to submit a total sum of $66,000.00 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $66,000.00, less any payments made under this Agreement.

9. This Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Agreement.

10. I hereby represent my understanding that upon Defendants' breach of the Agreement and failure to cure in accordance with the terms set forth in the Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $66,000.00 (less any amounts already paid to Plaintiff pursuant to the Agreement), against me, J & V Donuts Corp. (d/b/a John's Diner), J & V Pizza Corp. (d/b/a John's Pizza & Heros), 1788 Pizza Corp. and 1786 Donuts Corp.

By: _____
IOANNIS "JOHN" SARANTIS
Title: Owner

STATE OF NEW YORK     )
                      : ss.:
COUNTY OF Buono       )

On March 12, 2019, before me personally came IOANNIS SARANTIS to me known, who, by me duly sworn, did depose and say that deponent resides at 162-07 Laburnum Ave, that deponent is the Owner or former owner of J & V Donuts Corp. (d/b/a John's Diner), J&V Pizza Corp., 1788 Pizza Corp. and 1786 Donuts Corp., the parties described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment) and was authorized to do so.

_____
Notary Public

{00665887.DOCX.2}

MARIA J. BASABE
Notary Public- State of New York
No. 01BA6210189
Qualified in Bronx County
My Commission Expires
August 10, 2021

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
-------------------------------------- x
EMILIANO MARCELINO JUAREZ, *individually*
*and on behalf of others similarly situated*,

                         *Plaintiff*,

            - against -

J & V DONUTS CORP. (D/B/A JOHN'S DINER),
1788 PIZZA CORP. (D/B/A JOHN'S PIZZA &
HEROS), 1786 DONUTS CORP. (D/B/A JOHN'S
DINER), J & V PIZZA CORP. (D/B/A JOHN'S
PIZZA & HEROS), JOHN SARANTIS, VASILIKI
(A.K.A. VICKI) SARANTIS, IOANNIS (A.K.A.
JOANNIS) SARANTIS, and JESUS HURTADO
PEREZ,

                         *Defendants*.

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

-------------------------------------- x

STATE OF NEW YORK  )
                             : ss.:
COUNTY OF Bronx    )

VASILIKI (A.K.A. VICKI) SARANTIS, being duly sworn, deposes and says:

1.    I reside in Queens County, New York.

2.    Pursuant to the terms of the Settlement Agreement and Release (the "Agreement") by and among Emiliano Marcelino Juarez ("Plaintiff") on the one hand, and J & V Donuts Corp. (d/b/a John's Diner), 1788 Pizza Corp. (d/b/a John's Pizza & Heros), 1786 Donuts Corp. (d/b/a John's Diner), J & V Pizza Corp. (d/b/a John's Pizza & Heros), John Sarantis, Vasiliki (a.k.a. Vicki) Sarantis, Ioannis (a.k.a. Joannis) Sarantis, and Jesus Hurtado Perez ("Defendants") on the other hand, to which this Confession of Judgment is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiff for the sum of $66,000.00, less any payments made under the Agreement.

3.    This Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Agreement to which this Confession of Judgment is annexed, which provides that Defendants are to submit a total sum of $66,000.00 to Plaintiff. The amount of this affidavit of confession of judgment represents the settlement amount of $66,000.00.

4.    This Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the

{00665887.DOCX.2}

terms and provisions of the Agreement.

5. I hereby represent my understanding that upon Defendants' breach of the Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $66,000.00 (less any amounts already paid to Plaintiff pursuant to the Agreement), against me, Vasiliki (A.K.A. Vicki) Sarantis.

*[signature]*
VASILIKI (A.K.A. VICKI) SARANTIS

Sworn to before me this
12 day of March 2019

*[signature]*
Notary Public

---

MARIA J. BASABE
Notary Public- State of New York
No. 014BA6210189
Qualified in Bronx County

My Commission Expires
August 10, 2021

{00665887.DOCX.2}